IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SAVINO BRAXTON,           *

Plaintiff,           *

v.           *      Civil Action No. JKB-18-508

ARCANGELO M. TUMINELLI,           *

Defendant.           *

\*\*\*

## MEMORANDUM

Savino Braxton, a federal inmate currently confined at the Federal Correctional Institution in Fort Dix, New Jersey, filed this complaint, as supplemented, along with Motions to Proceed in Forma Pauperis. Because he appears indigent, the Motions (ECF 2 & 6) shall be granted. Braxton brings this case against his former defense attorney, Arcangelo M. Tuminelli, for conduct undertaken during the prosecution of *United States v. Braxton*, Criminal No. JKB-09-478 (D. Md.).[1] ECF 1. Braxton invokes this court's diversity jurisdiction under 28 U.S.C. § 1332 and raises several state tort claims. *Id.* at 2, 10-18. He also invokes this court's federal question jurisdiction under 28 U.S.C. § 1331 by indicating the case is filed pursuant to 42 U.S.C. § 1983 and by alleging constitutional violations. *Id.* at 2, 19.

During Braxton's federal prosecution, the question of the drug quantity arose. ECF 1 at p. 4. Braxton claims that at his initial sentencing Tuminelli represented to the sentencing court that the drugs had been reweighed and found to be one kilogram or more, in line with the representation provided by the Government. ECF 1 at p. 5. Braxton's guilty plea was vacated on appeal. *Id.* at pp. 6-7. At his retrial, Braxton again pursued the drug weight discrepancy (*id.*,

---

[1] The long history of Braxton's criminal case and his dissatisfaction with counsel has previously been summarized by the Court. *See United States v. Braxton*, Criminal No. JKB-09-478, ECF 181.

at 7) and sought to have Tuminelli testify regarding the reweighing of the drugs to demonstrate that he had always challenged the drug quantity and that the weight of the drugs remained uncertain. *Id.* Prior to testifying, Tuminelli emailed the prosecutor and advised that the drugs had not been reweighed as represented by him to the Court at sentencing.[2] *Id.* at p. 8. As a result, the trial court refused to allow Tuminelli to testify on Braxton's behalf regarding the alleged drug weight discrepancy. *Id.* The prosecutor argued during closing that, as the drugs were not reweighed, there was no discrepancy in their weight. *Id.*

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). They "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Moreover, under the provisions of 28 U.S.C. § 1915(e)(2), a case shall be dismissed at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

At its core, a civil rights action under 42 U.S.C. § 1983 is directed to unlawful conduct under color of law. *See Owens v. Baltimore State's Attorney Office*, 767 F.3d 379 (4th Cir. 2014). Section 1983 of Title 42, United States Code, provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

---

[2] Braxton has also filed a Motion and Supplemental Motion for the Court to Order the Government to Release the Defendant's Email at its Expense. ECF 3 & 5. As the case shall not proceed, the Motion as supplemented will be denied.

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

Braxton's civil rights claim against Tuminelli is subject to dismissal. Defense attorneys do not act under color of state law even if they are appointed by the court. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976); *see also Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

While an attorney who conspires with a government official to violate constitutional rights does act under color of state law, evidence of the conspiracy is required. *See Tower v. Glover*, 467 U.S. 914, 920 (1984); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (holding plaintiff must make more than naked assertion of conspiracy). Here, generously construing Braxton's complaint, he has done nothing more than make conclusional claims concerning a conspiracy. Such conclusional allegations are insufficient. In light of the foregoing, Braxton's civil rights claim against Tuminelli is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(ii).

In so far as Braxton invokes this court's diversity jurisdiction, his claim is also subject to dismissal. Diversity jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Braxton seeks damages in the amount of $2,000,000, *see* ECF 1 at p. 23, which satisfies the amount-in-controversy requirement. However, the Court's concern centers on whether the citizenship of the parties is diverse.

A prisoner's domicile for purposes of diversity jurisdiction is presumed to be where he was domiciled prior to his incarceration. *Jones v. Hadican*, 552 F.2d 549, 250-51 (8th Cir. 1977); *Roberts v. Morchower*, 956 F.2d 1163 (4th Cir. 1998) (Table). In order to rebut the

3

presumption, the plaintiff must "show truly exceptional circumstances" and "introduce more than 'unsubstantiated declarations.'" *Jones*, 552 F.2d at 251 (quoting *Stifel v. Hopkins*, 477 F.2d 1116, 1126 (6th Cir. 1973)). At this stage of the proceedings, Braxton "must allege facts sufficient to raise a substantial question about [his] intention to acquire a new domicile." *Id.*; *Roberts*, 956 F.2d at 1163. This he has failed to do. To the contrary, Braxton acknowledges in his initial complaint that "At all times relevant to this action, Plaintiff was a long time resident and domicilary [*sic*] of Baltimore City." ECF 1 at p. 1; ECF 4 at p. 1. Other than indicating he is currently incarcerated in Fort Dix, New Jersey, Braxton provides no other representations regarding his domicile. Thus, the presumption that his domicile is Baltimore, Maryland, remains. Tuminelli is also domiciled in Maryland. As such, Braxton has failed to demonstrate diversity of citizenship between himself and the defendant.

By separate Order, which follows, the complaint shall be dismissed.

Dated this 22 day of June, 2018.

FOR THE COURT:

James K. Bredar
Chief Judge